UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JARROD MARTIN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-385-TWP-MCLC |
| | ) | |
| JERRY R. BECK and SULLIVAN COUNTY CRIMINAL COURT, | ) ) | |
| | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM and ORDER**

This is a prisoner's *pro se* civil rights action under 42 U.S.C. § 1983, which is before the Court upon the postal return of a copy of an order that was mailed to plaintiff at the address he listed as his current address in his complaint. The order was returned to the Court by the postal authorities more than ten days ago, with the envelope marked, "Not Here, Return to Sender, Not Deliverable as Addressed, Unable to Forward,"(Doc. 7). Obviously, plaintiff has failed to provide the Court with notice of his correct address and, without his correct and current address, neither the Court nor defendants can communicate with him regarding his case.

Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for want of prosecution. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case sua sponte for lack of prosecution); *White v. City of Grand Rapids*, 34 F.App'x 210, 211(6th Cir. 2002) (finding that *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

**ENTER**:

s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE